### RECOVERY OF MONEY LOST AT GAMBLING.

Circuit Court of Cuyahoga County.

F. A. STETSON, TRUSTEE, V. DAVID VESPER ET AL.

Decided, September 23, 1908.

*Bankruptcy—Money Lost at Gambling—Trustee May Recover, if Suit is Brought Within Six Months.*

A trustee in bankruptcy can maintain an action to recover money lost by his bankrupt within six months of the bringing of the action.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This action was brought in the common pleas court by F. A. Stetson, as trustee in bankruptcy of one A. S. Jacoby, to recover the sum of $1,155 lost by said Jacoby in gambling with the defendants, Vesper and A. E. Harden, the latter being also the owner of the building in which the gambling was done.

Provision for suits of this kind is made by Sections 4269 to 4276, inclusive, of the Revised Statutes. Section 4270 provides that a person losing money in gambling may recover it back, if he sues therefor within six months after the loss of the money. Section 4773m provides that if the loser does not bring such suit within six months, another person may bring it for his own benefit thereafter.

In this case it appears from the petition that the trustee in bankruptcy was appointed and the suit was brought by him within the six months, and for that reason the demurrer to the petition was sustained, on the theory that the right created by the statute which did not exist at common law, could only be exercised by the loser personally during the six months, and did not pass to his trustee in bankruptcy.

A correct solution of the question thus submitted requires an examination of the bankruptcy act, in order that we may determine what passes under it from the bankrupt to his trustee. Section 70 of said act reads, in part, as follows:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, except in so far as it is to property which is exempt.    *    *    *

"(3)    Powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person;    *    *    *

"(6)    Rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

Elucidating the meaning of the words used in Section 70, by referring to the adjudicated cases upon the subject, we find that Loveland, in his text-book on bankruptcy, Section 176, at the bottom of page 509 says:

"Thus, the trustee is the proper party to institute a suit to recover the value of lands or goods and merchandise sold by the bankrupt," etc.

So, also, the trustee, where a right of action exists under the state or federal law, may recover money lost in gambling, and note 13 cites four cases as sustaining this proposition of the text.

We are unable to find any of said cases in the library, but have no doubt that they do sustain the proposition that the trustee succeeds fully to the right of the bankrupt to recover money lost in gambling, whether it be considered as a power conferred upon him by the statute or a right of action arising, through the unlawful taking of his money. It thus appears, as we think, that the right to bring this action passed out of the bankrupt within the six months, so that he could not exercise it during that time, and that it passed to his trustee in bankruptcy, who was the only person during the remainder of said six months entitled to bring the action. Such being the case the demurrer to the petition should have been overruled, and for error in sustaining it, the judgment is reversed, and proceeding to ren-

der the judgment which should have been rendered, the demurrer to the petition is overruled, and the cause is remanded to the common pleas court for further proceedings.